### SHIRLEY v. MAYER.

*(Circuit Court, E. D. New York. June 11, 1885.)*

1. PATENTS FOR INVENTIONS — IMPROVEMENT IN LAMP CHIMNEYS — DEFECTIVE CLAIM.
   Where a patentee has not claimed as much as he is entitled to claim, he is bound to discover the defect in a reasonable time or lose his right to a reissue.
2. SAME—REISSUE—EXPANSION.
   Where there is a substantial expansion in a reissue of letters patent, so as to include a combination not included in the original, such reissue is void.
3. SAME—LAMP CHIMNEY—REISSUE VOID.
   Reissued patent granted to Frederick S. Shirley, assignee of Robert R. Crosby, May 8, 1877, the original patent having been granted to Crosby, July 14, 1868, *held* void.

In Equity. On motion for temporary injunction.

*J. Edgar Bull* and *T. Frank Brownell*, for complainant.

*Miles B. Andrus* and *Wm. B. Lynes,* for defendant.

BENEDICT, J. This is a motion for a preliminary injunction to restrain the defendant from making lamp chimneys which, as the plaintiff asserts, infringe a patent reissued to him as assignee of Robert R. Crosby, the inventor, on May 8, 1877, the original patent having been granted to Crosby, July 14, 1868. The validity of the reissue is disputed by the defendant, upon the ground that the claim of the original patent has been expanded in the reissue, and the reissue having been obtained nearly nine years subsequent to the issue of the original, must be held void upon the authority of *Miller* v. *Bridgeport*

*Brass Co.*, 104 U. S. 350; *Mahn* v. *Harwood*, 112 U. S. 362; S. C. 5 Sup. Ct. Rep. 174. The original patent contained but a single claim, as follows:

"The abrupt or nearly right-angled enlargement of the chimney, as represented by figure 3, arranged in relation to the lamp burner substantially as and for the purpose herein specified."

It is manifest, from an inspection of this claim in connection with the specifications, that the feature of the chimney claimed as a new and useful invention was an abrupt enlargement of the chimney located so as to bring the enlargement "at about the base of the burner cone." The reissue has but a single claim, as follows:

"A lamp chimney having an abrupt or nearly right-angled enlargement *on, or nearly on, a level with the flame*, in combination with the conical sides, and contracted, opening at the top, substantially as set forth."

The points of difference between the two claims are these: In the original claim the abrupt enlargement is located so as to come "at about the base of the burner cone." In the claim of the reissue the abrupt enlargement is located so as to be "on, or nearly on, a level with the flame." The original claim makes no allusion to the combination of the abrupt enlargement with the conical sides and contracted opening, which is the whole subject-matter of the claim of the reissue.

In regard to the first of these points of difference, the ground taken by the plaintiff here is that the words "at about the base of the burner cone" in the original claim are equivalent in meaning to the words "on, or nearly on, a level with the flame" in the claim of the reissue. But it seems to me that a chimney having its enlargement at or about the base of the burner cone, which is as low as it would ordinarily be practicable to locate the enlargement, comes within the description of chimney considered by Mr. Justice BLATCHFORD in *Shirley* v. *Sanderson*, 8 Fed. Rep. 905, where he holds "a chimney with a right-angled enlargement too low down" to be no infringement of the reissue in question. The "chimneys with short necks," considered by Mr. Justice BLATCHFORD in *Shirley* v. *Sanderson* not to infringe the Shirley reissue, certainly are more nearly the equivalent of chimneys with the enlargement "at about the base of the burner cone" than of chimneys with the enlargement "on, or nearly on, a level with the flame." The decision in *Shirley* v. *Sanderson* is authority, therefore, for holding that by substituting in the claim of the reissue the words "on, or nearly on, a level with the flame," in place of the words "at about the base of the burner cone," used in the original specification, a substantial expansion of the patent was effected. If "at the base of the burner cone" were the equivalent of "on a level with the flame," it would not have been held in *Shirley* v. *Sanderson* that chimneys with short necks and chimneys with the enlargement too low down were not covered by the claim of the reissue.

It has been shown on this motion by affidavit that both the orig-

inal and the reissued patent here in question were before Mr. Justice BLATCHFORD when he decided *Shirley* v. *Sanderson;* but the opinion in *Shirley* v. *Sanderson* makes no allusion to any question as to the validity of the reissue, and it is evident that no decision of that question was intended to be made in that case. .

But, further, the second point of difference above alluded to as existing between the original and the reissue appears to me to be fatal to the validity of the reissue. It is manifest from an inspection of the two patents that the claim of the reissue is for a combination which was not claimed in the original, and contains a substantial expansion of the patent.

The defendant has put in evidence a patent issued to Joseph H. Connelly, July 3, 1866, many years prior to the Crosby patent. This patent the expert called for the plaintiff, while contending that it does not anticipate the reissue, concedes would anticipate the original. This concession appears to be fatal to the reissue; for, if the reissue covers an invention not covered by the original, the scope of the patent has been enlarged by the reissue.

But aside from this concession made by the defendant, I am of the opinion that the reissue must be held void. It was issued nearly nine years subsequent to the issue of the original patent, and then not to the inventor, but to an assignee of the inventor. The claim of the original was clear and explicit. Its scope was plain, and it did not include the combination covered by the claim of the reissue. No error or misstatement in the claim of the original appears to have been suggested until the application for a reissue, and then the only amendment applied for was to describe the enlargement as "on, or nearly on, a level with the flame," instead of by the words "at about the base of the burner cone," used in the original. The application for that amendment was rejected on reference to the Connelly patent of July 3, 1866, and then only was the claim allowed so as to cover a combination.

The omission from the claim of the original of any reference to a combination being manifest on inspection of the claim, and it being also manifest that such omission was not the result of inadvertence, accident, or mistake, as otherwise it would have been corrected without delay, the case is one of intentional omission from the original claim of what the reissued patent now purports to secure, and it comes within the principle of the decision of the supreme court in *Mahn* v. *Harwood*, 112 U. S. 362, S. C. 5 Sup. Ct. Rep. 174, where the court says:

"If a patentee has not claimed as much as he is entitled to claim, he is bound to discover the defect in a reasonable time, or he loses all right to a reissue."

Here more than nine years were allowed to pass, and, because of that delay, the reissue must be held void.

The motion for an injunction is denied.